UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

JS 6

| Case No. | CV 12-1807 DSF (CWx) | Date | 3/22/12 |
|---|---|---|---|
| Title | Arnel Marcelino Paz v. United States Citizenship and Immigration Services, et al. | | |

| Present: The Honorable | DALE S. FISCHER, United States District Judge |
|---|---|

| Debra Plato | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) Order Dismissing Action for Lack of Subject Matter Jurisdiction Pursuant to 8 U.S.C. § 1252(a)(2)(B)

This action was filed on March 2, 2012. Plaintiff Arnel Marcelino Paz seeks an order requiring Defendants timely to adjudicate his Application for Adjustment of Status (I-485).

The procedure for adjustment of status is governed by § 245 of the Immigration and Nationality Act (INA). Pursuant to that section, the Director of United States Citizenship and Immigration Services (CIS) may adjust an alien's status "in his discretion and under such regulations as he may prescribe, to that of an alien lawfully admitted for permanent residence." 8 U.S.C. § 1255(a); see also 6 U.S.C. § 271(b)(5) (transferring authority for adjudication of adjustment applications to the Director of CIS). As amended in 2005, 8 U.S.C. § 1252(a)(2)(B), prohibits courts from reviewing denials of adjustment of status applications, as well as other discretionary actions:

> Notwithstanding any other provision of law (statutory or nonstatutory), . . . no court shall have jurisdiction to review –
> (I) any judgment regarding the granting of relief under section . . . 1255 of this title [relating to adjustment of status], or
> (ii) any other decision or action of [CIS] the authority for which is specified under [8 U.S.C. §§ 1151-1378] to be in the discretion of [CIS] . . . .

8 U.S.C. § 1252(a)(2)(B).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

JS 6

A number of district courts have concluded that CIS has a nondiscretionary duty timely to adjudicate adjustment of status applications, and that § 1252(a)(2)(B)(ii) therefore does not divest courts of jurisdiction over actions to compel adjudication. See, e.g., Kashkool v. Chertoff, 553 F. Supp. 2d 1131, 1138 (D. Ariz. 2008) ("[S]ection 1255(a) does not specify that the government has discretion over the pace of adjudicating I-485 applications." (quoting Wang v. Chertoff, 550 F. Supp. 2d 1253, 1256 (W.D. Wash. 2008))). Other courts have found that the pace at which applications are adjudicated – not merely the ultimate decision itself – is discretionary. See, e.g., Yang v. Gonzalez, 2007 WL 1847302, at *1 (D. Neb. June 25, 2007) ("I am of the firm opinion that the amount of time [CIS] takes to make a decision is also completely discretionary under section 245 of the INA."); Zhang v. Chertoff, 491 F. Supp. 2d 590, 593 (W.D. Va. 2007) ("A holding that [CIS] does not have discretion over the pace of application processing would lead to the illogical conclusion that [CIS] must reach an unreviewable decision within a reviewable period of time."); Hu v. Chertoff, 2007 WL 1515067, at *4 (E.D. Cal. May 22, 2007) ("This court concludes that the pace at which [CIS] adjudicates plaintiffs' applications is discretionary."). The Court adopts the latter approach.

Accordingly, the Court dismisses the action without prejudice for lack of subject matter jurisdiction. The Court notes that, in the event Plaintiff's petition is denied, § 1252(a)(2)(B) does not preclude Plaintiff from raising constitutional claims or questions of law based on the denial in a petition for review filed with an appropriate court of appeals. See 8 U.S.C. § 1252(a)(2)(D).

IT IS SO ORDERED.